## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## FULL AND FINAL GENERAL RELEASE

**IN CONSIDERATION** for the agreements set forth below, and to avoid further time, expense and effort associated with all litigation or other proceedings between Jonathan Hill (the "Employee"), and Sean Yearwood and P2R Power Rev Racing, LLC ("Employer") (the Employee and the Employer are collectively the "Parties"), the Parties enter into this Confidential Settlement Agreement and Full and Final General Release (the "Agreement") and agree as follows:

1. <u>Intent of the Parties</u>.  The Employee threatened a lawsuit alleging violations of 26 U.S.C. §7434, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (for overtime wages and retaliation) (the "Action"), and thereafter filed a case in the U.S. District Court (23-cv-14218 (S.D.Fla.).  The Parties desire to fully and finally resolve the Action and all other claims or actions that have been made or could have been made by or on behalf of the Employee against the Employer relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

2. <u>Settlement Payment to Employee</u>.  In consideration for the promises made herein and in full and final settlement and in satisfaction of all claims the Employee has or had against the Released Parties (as defined below) as of the date of this Agreement, the Employer shall pay the Employee, NINETEEN THOUSAND DOLLARS ($19,000.00)(the "Settlement Sum') (comprised of $4,000 in attorneys' fees and costs in connection with the FLSA claim, $5,000 in back wages; $5,000 in liquidated damages; $2,500 in connection with Plaintiff's claim under 26 U.S.C. §7434;  and $2,500 in connection with signing a general release and the other obligations hereunder).    The Employee understands that the wage portion of the Settlement Sum is subject to applicable payroll withholding deductions (W-2).  All non-wage payments, including those made to Employee Counsel's Trust Account, shall be issued a 1099.

The Settlement Sum shall be delivered by overnight mail to the Employee's counsel, Bober & Bober, P.A., 2699 Stirling Road, Suite A-304, Hollywood, Florida 33312, within five (5) business days following the entry of the Order of Dismissal with Prejudice and the Court's approval of this Agreement—alternatively, the Employer can wire Settlement Sum funds to the Employee counsel. Failure of the Employer to timely pay the full Settlement Proceeds as set forth herein shall entitle the Plaintiff to file an unopposed Motion for Self-Executing Final Judgment against Employer for $24,000 less any amounts paid by Employer, hereunder.

3. <u>Mutual General Release</u>. In exchange for the Settlement Proceeds described in Paragraph 2 above, the Employee, for himself, his descendants, dependents, heirs, executors, administrators, successors and assigns, fully, finally and forever releases and discharges Employer, its parents, subsidiaries, predecessor or successor entities, and further, including, without limitation, all of its and each of their members, current and former parent companies, current and former subsidiaries, divisions and affiliates, directors, officers, employees (including Sean Yearwood, his successors, heirs, assigns, insurers, representatives, attorneys, agents and employees), consultants, attorneys, insurers, agents, fiduciaries, and employment benefit plans and programs, whether specifically named herein or not, (collectively, the "Released Parties") from any and all claims and rights of any kind that the Employee may have, whether now known or unknown, accrued or not yet accrued, asserted or unasserted, suspected or unsuspected, including, but not limited to, those arising out of or in any way connected with the Employee's employment relationship with the Employer as of the date this Agreement is executed. <u>The Employee understands that this release does not waive rights or claims that arise after the date that this Agreement is executed.</u>

In exchange for the obligations and promises contained herein, the Employer releases and

gives up all claims and rights that the Employer may have against the Employee. This releases all claims, matured on unmatured, including those of which the Employer is not aware and those not specifically mentioned in this Agreement, regardless of whether claims are known or unknown, asserted and unasserted, suspected or unsuspected, accrued or not yet accrued.

5.      Approval of Settlement.   Within five (5) days of the Employee and Employer's execution of this Agreement, the Parties will file a Joint Motion for Approval of Settlement Agreement and for Dismissal of Action with Prejudice.

6.      Sufficiency of Consideration.   The Employee agrees that the Settlement Proceeds referenced in Paragraph 2 are made in exchange for and constitute good and valuable consideration for his execution of this Agreement and incorporated general release and the Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Action with Prejudice.

7.      Non-Admission and Non-Prevailing Party.   The Employee acknowledges and agrees that this Agreement does not constitute an admission by the Employer of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind by the Employer. The Released Parties specifically deny the allegations in the Employee's Complaint filed in the Action that the Employer engaged in any willful or other wrongful conduct.

8.      Transfer of Claims.   The Employee represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim. The Employee agrees to indemnify and hold the Released Parties harmless against, without any limitation, all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees),

Doc ID: 337ac13c67a28d0f2a157563a8ad8d2d62a15bc6

causes of action or judgments based on or arising out of any such assignment or transfer. The Employee further warrants that there is nothing that would prohibit him from entering into this Agreement.

9.      The Employer's Premises. The Parties acknowledge that Employee lived in a home owned by the Employer during the period of Plaintiff's working relationship. The Employee agrees to vacate the premises by not later than August 20, 2023. After vacating, the Employee agrees not to re-enter the Employer's premises, business or otherwise, in the future.

10.     No Charges or Claims Filed. The Employee represents and warrants that as of the date of this Agreement, the Employee has not filed any claims or causes of action against the Released Parties, including, but not limited to, any other charges of discrimination (including harassment) or retaliation with any federal, state, or local agency or court.

11.     Non-Interference. Nothing in this Agreement shall interfere with the Employee's right to file a complaint or charge with the EEOC or any other local, state, or federal administrative body or government agency that is authorized to enforce or to administer any law, rule, or regulation. Further, nothing in this Agreement shall be construed to prohibit the Employee from: (i) reporting possible violations of any law, rule or regulation to any governmental agency or entity charged with enforcement of any law, rule, or regulation; or (ii) making other disclosures that are protected under the whistleblower provisions of any law, rule, or regulation. Notwithstanding the foregoing, the Employee expressly waives the Employee's right to recover damages and to be awarded equitable and/or injunctive relief in connection with any administrative or court action, whether brought by the Employee or on the Employee's behalf, related in any way to the matters released herein.

12. <u>No Future Employment</u>. The Employee acknowledges and agrees that he will not in the future seek re-employment with P2R Power Rev Racing, LLL or Sean Yearwood. The Employee acknowledges that if he does seek re-employment with any such entity, failure to hire the Employee, withdrawal of an offer of employment to the Employee, or if already employed, termination of the Employee's employment without notices or cause, will not constitute retaliation or discrimination and the Employee will have no legal recourse against the Employer for such acts.

13. <u>Mutual Non-Disparagement</u>.

(a)    The Employee agrees and warrants that at no time in the future will Employee make any statements (orally or in writing, including, without limitation, whether in fiction or nonfiction) or take any action which in any way disparage or defame the Employer, its officers, directors, partners, principals, employees, third party vendors, consultants, agents, attorneys, advisors, (including Sean Yearwood), or in any way, directly or indirectly, cause or encourage the making of such statements, or the taking of such actions by anyone else, including but not limited to other current or former employees of the Employer.

(b)    Management of the Employer and its members agree and warrant that at no time in the future will they make any statements (orally or in writing, including, without limitation, whether in fiction or nonfiction) or take any actions which in any way disparage or defame the Employee, or in any way, directly or indirectly, cause or encourage the making of such statements, or the taking of such actions by anyone else, including but not limited to other current or former employees of the Employer.

14. <u>Confidentiality</u>. The Employee agrees to keep any information regarding the Agreement, and the terms and existence of this Agreement, confidential, and not to disclose at any time in the future its existence or any of its terms, except: (i) as may be required by law; (ii) the

5

existence of this Agreement and the amount of the Settlement Proceeds to any taxing authority, such as the IRS; (iii) to a court of competent jurisdiction for purposes of enforcement of, or for demonstrating a breach of, this Agreement; or (iv) to the Employee's immediate family members, attorneys, and/or tax and financial advisors, provided that the individual to whom the Employee discloses this Agreement first agrees to keep this information confidential.

15.    <u>Entire Agreement</u>.   This Agreement contains the entire agreement and understanding between the Employee and the Employer with respect to any and all actions or claims that the Employee has, or could have had, against the Employer as of the date this Agreement is executed and supersedes all other agreements between the Employee and the Employer with regard to such actions or claims.  This Agreement shall not be changed unless in writing and signed by both Parties.

16.    <u>Execution of Necessary Documents</u>.  Each party shall, upon the request of the other, execute and re-execute, acknowledge, and deliver this Agreement and any and all papers or documents or other instruments, as may be reasonably necessary to implement the terms hereof with any formalities as may be required and, otherwise, shall cooperate to fulfill the terms hereof and enable the other party to effectuate any of the provisions of this Agreement.

17.    <u>No Waiver/All Rights Are Cumulative</u>.  No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver.  No waiver shall be deemed to be a waiver of any subsequent breach or rights.  All rights are cumulative under this Agreement.

18.    <u>Binding Effect</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective personal representatives, heirs, successors and assigns.

19.     <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  If any portion of this Agreement is found invalid, the Parties agree to execute an agreement, including a full general release that does not contain invalid or unacceptable provisions.

20.     <u>Employee's Acknowledgements and Affirmations</u>.  The Employee acknowledges that the Employee has <u>been advised in writing to consult with an attorney before signing this Agreement, and has done so</u>; The Employee acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement and incorporated release, and that the Employee enters into this Agreement and incorporated release without reliance upon any other representation, promise or inducement not set forth herein.  The Employee acknowledges and represents that the Employee assumes the risk for any mistake of fact now known or unknown, and that the Employee understands and acknowledges the significance and consequences of this Agreement.  The Employee further acknowledges that the Employee has read this Agreement in its entirety; that the Employee fully understands all terms and their significance; and that the Employee has signed it voluntarily, <u>knowingly</u> and of the Employee's own free will.

21.     <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

22.     <u>Enforcement</u>.  If a party is required to enforce the material provisions of this Agreement in any court action or proceeding, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.  The Court shall retain jurisdiction to enforce the terms of this Agreement.  This Agreement is to be interpreted pursuant to the laws of Florida, except where the application of federal law applies and without regard to its Choice of Law principals, and shall be decided by a judge, not a jury.

23.   <u>Construction</u>.   The Parties expressly acknowledge that they have had equal opportunity to negotiate the terms of this Agreement and that this Agreement shall not be construed against the drafter.

24.   <u>Electronic Transmission and Counterparts</u>.   This Agreement may be exchanged by electronic transmission and executed in several counterparts, and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

EMPLOYEE:

DATED: 08 / 16 / 2023

**JONATHAN HILL**

EMPLOYER:

**P2R POWER REV RACING, LLC**

DATED: 8 / 16 / 2023

By: Sean Yearwood, as its CEO

DATED: 8 / 16 / 2023

**SEAN YEARWOOD**

8